# MCLAUGHLIN & STERN, LLP
### FOUNDED 1898

**MEMO ENDORSED**

260 MADISON AVENUE
NEW YORK, NEW YORK 10016
(212) 448–1100
FAX (212) 448–0066
www.mclaughlinstern.com

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 12/04/2019

December 3, 2019

BY ECF

Hon. Katharine H. Parker
United States Magistrate Judge
Southern District of New York
Daniel Patrick Moynihan Courthouse
500 Pearl Street, Courtroom 17D
New York, New York 10007

> **A Pre-Motion Conference in this matter is hereby scheduled for Friday, December 13, 2019 at 10:00 a.m. in Courtroom 17D, 500 Pearl Street, New York, New York.**
> **SO ORDERED:**
> *Katharine H. Parker*
> HON. KATHARINE H. PARKER
> UNITED STATES MAGISTRATE JUDGE
> 12/04/2019

Re: *Shailendra Joshi -v.- The Trustees of Columbia University of the City of New York, et al.*, 17 Civ. 4112 (JGK)(KHP)

Dear Judge Parker:

We represent Plaintiff Shailendra Joshi ("Plaintiff" or "Dr. Joshi") in the above-referenced action against Defendant Columbia University of the City of New York ("Defendant" or "Columbia"). We write pursuant to Local Rule 37.2 and Rule II(b) of Your Honor's Individual Rules of Practice to request a pre-motion discovery conference to move to compel the deposition of a critical witness, Dr. Margaret Wood, who has, through separate counsel, refused to commit to a date for her deposition in an effort to cause substantial delay and prejudice the rights of Plaintiff.

By way of background, Plaintiff commenced this action against Defendants alleging, *inter alia*, that he was retaliated against for reporting the research misconduct of a colleague, and because he subsequently complained about the retaliation. In particular, Plaintiff alleges that the Chair of the Department, Dr. Margaret Wood, engaged in certain and substantial acts of retaliation that affected his ability to conduct research, gave him punitive assignments, denied him promotions and appointments, and caused harm to his reputation and standing throughout the Department by enabling the retaliatory actions of others. Therefore, Dr. Wood's deposition is critical in that she personally engaged in the acts of retaliation complained of and had intimate knowledge of and acquiesced to those actions taken by others.

On April 26, 2019, I served a Rule 30 Deposition Notice on counsel for Defendants for the deposition of Dr. Wood. I was subsequently informed that Dr. Wood had retained separate counsel, Thomas Engel, Esq. Although Dr. Wood remains an employee and is under the control of Columbia and, therefore, Columbia has an obligation to produce her, I then contacted Mr. Engel directly to discuss scheduling Dr. Wood's deposition. Mr. Engel informed me that he would first need to review the discovery in order to prepare for Dr. Wood's deposition. By May 13, 2019, I

## MCLAUGHLIN & STERN, LLP

Hon. Katharine H. Parker
December 3, 2019
Page 2 of 2

learned that Mr. Engel received from Defendants' counsel their production of documents, and soon thereafter transmitted to Mr. Engel Plaintiff's discovery. On June 4, 2019, I again requested a date for Dr. Wood's deposition to take place in early August, as we had previously scheduled depositions for other witnesses throughout the month of July. Mr. Engel informed me that both he and Dr. Wood are on vacation in the month of August and that he would like to "wait a bit in order to set something up for after Labor Day." On July 25, 2019, I again wrote to Mr. Engel to request a date for Dr. Wood's deposition in September. In an email dated July 25, 2019, Mr. Engel advised me that he "won't be in touch with Dr. Wood until next week at the earliest but will let [me] know after [he has] made sense of our respective schedules when she [Dr. Wood] and I [Mr. Engel] might be available." Having not heard back from Mr. Engel, on September 18, 2019, I again wrote to him and asked for dates that are acceptable to him and Dr. Wood so that we can proceed with scheduling her deposition. Mr. Engel then responded, "I have an arbitration on Monday and will not be able to respond to you until the middle of next week. Please be patient." By September 25, 2019, Mr. Engel had not provided any dates for Dr. Wood's deposition; instead, he inquired as to what witnesses have been deposed.

Since that time, Plaintiff completed three additional witness depositions and Defendants completed their deposition of Plaintiff. Other than Dr. Wood, Plaintiffs have only two additional witness to depose. Then, on Monday, December 2, 2019, I asked Mr. Engel once again to provide me with a date-certain for Dr. Wood's deposition to take place in December in order to complete all contemplated depositions prior to the close of discovery. I advised Mr. Engel that if I did not receive a date, that I would have no other recourse than to seek to compel Dr. Wood's deposition by the Court. Mr. Engel responded, in part, by stating that Dr. Wood is "not in the US and will return here for any length of time not until early February [2020]."

Mr. Engel's history of evasive responses and failure to commit to Dr. Wood's deposition raises serious concerns that the underlying tactic is, in fact, to stall and foreclose Plaintiff from his right to question Dr. Wood under oath about the allegations underlying the Complaint and, specifically, the actions she took against him for reporting the research misconduct of their colleague and complaints about her retaliation.

Plaintiff, therefore, respectfully requests a pre-motion discovery conference to move to compel Dr. Wood's deposition.

We thank the Court in advance for its time and consideration.

                                                                                  Respectfully submitted,
                                                                                  */s/ Jonathan R. Jeremias*

cc:     Andrew Schilling, Esq., Counsel for Defendant (via ECF)
           Brian Wegrzyn, Esq., Counsel for Defendant (via ECF)
           Dana Kumar, Esq., Counsel for Defendant (via ECF)
           Thomas Engel, Esq., Counsel for Margaret Wood (by E-mail)