

**Andrew W. Schilling**
Partner
1133 Avenue of the Americas
Suite 3100
New York, NY  10036
T (212) 600-2330
aschilling@buckleyfirm.com

December 16, 2019

**By ECF**
Honorable Katharine H. Parker
United States Magistrate Judge
Southern District of New York
500 Pearl Street, Room 750
New York, NY 10007

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 12/17/2019
```

Re:     *Joshi v. Columbia University*, No. 17 Civ. 4112 (JGK)(KHP)

Dear Judge Parker:

We represent Defendant Columbia University in this action.  We write in response to the December 13, 2019 letter from Jonathan Jeremias, counsel for Plaintiff, relating to the deposition of Dr. Margaret Wood.  Because Mr. Jeremias has misrepresented the agreement reached by the parties and has requested an extension of the discovery deadline from the Court without first conferring with us in good faith, we respectfully request a telephone conference to discuss our request that the Court reinstate the December 31, 2019 discovery deadline.

As Your Honor knows, on December 3, Mr. Jeremias submitted a letter to the Court seeking to compel the deposition of Dr. Wood, a former Columbia employee who is represented by separate counsel.  That letter constituted the second time in this case that Plaintiff prematurely involved the Court without adequately conferring with counsel in an effort to resolve an issue.  The issue raised by Mr. Jeremias in the December 3 letter related to his inability to schedule Dr. Wood's deposition prior to the discovery cutoff at the end of December, and he sought the Court's intervention in this regard.  On December 5, the Court directed the parties and Dr. Wood's counsel to meet and confer regarding the timing of the deposition and instructed Plaintiff's counsel to report back to the Court on December 13.

Counsel for the parties and Dr. Wood conferred by phone on December 10.  On that call, Dr. Wood's counsel offered to make Dr. Wood available for her deposition on January 10, 2020, which was after the discovery deadline.  We consented to that date on the express condition that the deadline for all other discovery remain December 31, 2019.  Columbia's position was consistent with what we stated in an email in advance of the meet and confer, in which we said that we would be open to scheduling the deposition in the first two weeks of January provided that it did not affect the other deadlines currently in place.  We conditioned our agreement in that manner so that Plaintiff could not use his own failure to diligently pursue Dr. Wood's deposition as an excuse to serve additional discovery requests on Columbia or notice additional depositions of our witnesses.  Mr. Jeremias made no objection to that condition.  Nor did he request on that call to extend the discovery schedule (other than for the deposition of Dr. Wood) or provide any indication that he would request such an extension from the Court.  To the contrary, we left that call with the clear understanding that the parties and Dr. Wood's counsel were all in agreement

Hon. Katharine H. Parker
December 16, 2019
Page 2

and that Mr. Jeremias would advise the Court that the issues were resolved on consent of all counsel.

We were thus surprised to see Mr. Jeremias represent to the Court that the parties had agreed to a date for Dr. Wood's deposition without condition and then separately request an extension of the discovery deadline, while stating that we did not consent to such an extension. Mr. Jeremias presented this to the Court as if the parties had conferred but failed to reach an agreement, when, in fact, Mr. Jeremias never requested an extension of the discovery schedule for anything other than Dr. Wood's deposition. If Mr. Jeremias had requested an extension, we would have asked for the basis of that request and discussed it with him. But we never had that conversation and he has yet to tell us, much less the Court, why he is requesting the extension or what additional discovery he intends to pursue in January.

We understand that the Court has already granted Plaintiff's request to extend the discovery schedule to January 31, 2020. (ECF No. 69.) Because, however, Plaintiff's request misrepresented Columbia's position, we respectfully request a telephone conference to discuss the basis of Plaintiff's request to extend the discovery period. In the event that the Court is not inclined to schedule a telephone conference or revisit this issue, we respectfully request that the Court extend the summary judgment briefing schedule by thirty days to align with the extended discovery period. The Court had previously set January 31, 2020 as the deadline for summary judgment motions, which was thirty days after the close of the discovery.

We thank the Court for its consideration of this matter.

Respectfully submitted,

/s Andrew W. Schilling
Andrew W. Schilling

cc:   Counsel of Record (by ECF)
      Thomas Engel, Esq., Counsel for Dr. Margaret Wood (by email)

---

Defendant's request for an extension of the briefing schedule for Defendant's summary judgment motion is GRANTED.

Defendant's moving brief, if any, is due by **March 2, 2020**. Plaintiff's opposition, if any, is due by **March 29, 2020**. Defendant's reply, if any, is due by **April 13, 2020**.

12/17/2019

SO ORDERED:

*Katharine H. Parker*
HON. KATHARINE H. PARKER
UNITED STATES MAGISTRATE JUDGE