# EXHIBIT D

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

SHAILENDRA JOSHI,

               *Plaintiff*,

  - *against* -

THE TRUSTEES OF COLUMBIA
UNIVERSITY IN THE CITY OF NEW YORK,
COLUMBIA UNIVERSITY IN THE CITY OF
NEW YORK, AND COLUMBIA UNIVERSITY
COLLEGE OF PHYSICIANS AND SURGEONS,

               *Defendants*.
-----------------------------------------------------------------X

No. 17-cv-04112 (JGK)(KHP)

**PLAINTIFF'S RESPONSES
AND OBJECTIONS
TO DEFENDANTS'
NOTICE TO ADMIT**

       Plaintiff SHAILENDRA JOSHI ("Plaintiff"), by and through his attorneys, McLaughlin &
Stern, LLP, hereby responds to the Requests for Admission (the "Requests") from Defendants
THE TRUSTEES OF COLUMBIA UNIVERSITY IN THE CITY OF NEW YORK, *et ano.*
(collectively, "Defendants") as follows:

## GENERAL OBJECTIONS

       Each of Plaintiff's responses, in addition to any specifically stated objections, is subject to
and incorporates the following General Objections. The assertion of the same, similar or additional
objections, or a partial response to an individual Request does not waive any of Plaintiff's General
Objections.

       1.     Plaintiff objects to these Requests to the extent that they are overbroad, unduly
burdensome, vague, ambiguous, and/or impose obligations in excess of those imposed by Federal
Rules of Civil Procedure and the Local Rules of the United States District Court for the Southern
and Eastern Districts of New York.

1

2.      Plaintiff objects to these Requests to the extent that they do not provide temporal parameters relevant to Plaintiff's claims and Defendants' defenses.

3.      Plaintiff objects to these Requests to the extent that they do not define all material terms used therein and to the extent that they seek information that is irrelevant and immaterial to the subject matter, claims and defenses of this action.

4.      Plaintiff objects to these Requests to the extent that they seek information that is neither relevant to the claims or defenses of any party to this litigation, nor reasonably calculated to lead to the discovery of admissible evidence.

5.      Plaintiff objects to these Requests to the extent they seek information protected from disclosure by the attorney-client privilege, the attorney work-product privilege, or any other evidentiary privilege recognized by law.

6.      In response to these Requests, Plaintiff does not concede that any of the responses or the information contained herein is relevant or admissible. Plaintiff reserves the right to object, on the grounds of competency, privilege, relevance, materiality, or otherwise, to the use of this information for any purpose, in whole or in part, in this action or in any other action.

7.      Plaintiff objects to these Requests to the extent they call for legal conclusions or otherwise attempt to re-cast legal issues as factual matters.

8.      The following Responses reflect Plaintiff's present knowledge, information and belief and Plaintiff reserves the right to amend, clarify or supplement these Responses, including objections, or to provide any further evidence in response to Defendant's Requests.

[*Remainder of Page Intentionally Left Blank*]

## RESPONSES TO REQUESTS FOR ADMISSION

1.     Admit that the documents compiled and attached to these requests as Exhibit A represent and accurately reflect the schedule of assignments, as approved by the Department of Anesthesiology for the neuroanthesiology [*sic*] team, for the period January 2014 to March 2017.

**R 1.**    In addition to the General Objections, Plaintiff admits that the documents compiled

and attached to the Requests as "Exhibit A" represent the schedules of assignments made by the

Chair of the Department of Anesthesiology for the period January 2014 through March 2017, but

neither admits nor denies that the documents "accurately reflect the…assignments" actually

undertaken by the individual members of the neuroanesthesiology team during that time period as

that information is not in the possession, custody or control of Plaintiff.


2.     Admit that the demonstrative calendars, compiled and attached to these requests as Exhibit B, accurately depict Dr. Joshi's non-clinical and Electroconvulsive Therapy ("ECT") schedules, based on the neuroanesthesiology schedules approved by the Department of Anesthesiology from August 2014 to March 2017.

**R 2.**    In addition to the General Objections, Plaintiff objects to this request to the extent

that Plaintiff can neither admit nor deny the accuracy of the source of information actually used to

create the demonstrative calendars compiled and attached to the Requests as "Exhibit B" but

admits that schedules compiled and attached to the Requests as "Exhibit A" are the schedules of

assignments made by the Chair of the Department of Anesthesiology for the period January 2014

through March 2017. Subject to the foregoing objection and General Objections above, Plaintiff

neither admits nor denies that the demonstrative calendars compiled and attached to the Requests

as "Exhibit B" accurately depict Dr. Joshi's actual non-clinical and ECT assignments and refers

Defendants to Plaintiff's Response to Request No. 1.


3.     Admit that although the neuroanesthesiology schedules for April 2015 (Bates No. P00597) lists Dr. Joshi as assigned to Electroconvulsive Therapy on one occasion in April 2015, Dr. Joshi in fact did not work any ECT assignment in April 2015.

**R 3.**      In addition to the General Objections, Plaintiff admits that Dr. Joshi was assigned ECT in April 2015 and that Dr. Joshi did not work any ECT assignment in April 2015 because he did not have hospital privileges with the New York State Psychiatric Institute for purposes of performing anesthesia in connection with ECT.

4.      Admit that during the period August 2014 through March 2017, Dr. Joshi's only source of external funding for research was a single grant from the National Institutes of Health (NIH Grant R01 CA138643).

**R 4.**      In addition to the General Objections, admits.

5.      Admit that NIH Grant R01 CA138643 entitled Dr. Joshi to 30% non-clinical (dedicated research) time.

**R 5.**      Admits.

6.      (a) Admit that the demonstrative chart, attached to these requests as Exhibit C-1, accurately depicts the number of Dr. Joshi's non-clinical days from August 2014 to March 2017, based on the neuroanesthesiology schedules approved by the Department of Anesthesiology.

**R 6(a).** In addition to the General Objections, Plaintiff can neither admit nor deny that the demonstrative chart attached to the Requests as "Exhibit C-1" accurately depicts the number of Dr. Joshi's actual non-clinical days as that information is not in the possession, custody or control of Plaintiff, nor can Plaintiff admit or deny the accuracy of the source of information actually used to create the demonstrative chart attached to the Requests as "Exhibit C-1", but admits that schedules compiled and attached to the Requests as "Exhibit A" are the schedules of assignments made by the Chair of the Department of Anesthesiology for the period January 2014 through March 2017.

(b) Admit that the demonstrative chart, attached to these requests as Exhibit C-2, accurately depicts the number of Dr. Joshi's non-clinical days from August 2014 to March 2017, based on the neuroanesthesiology schedules approved by the Department of Anesthesiology, and accurately depicts the date that Dr. Joshi made his written Allegation as April 2015.

**R 6(b).** In addition to the General Objections, Plaintiff denies that he made a written allegation of research misconduct only as of April 2015, and that it was known that Plaintiff complained of research misconduct pursuant to existing regulations and University policy as early as December 2014. Further, Plaintiff can neither admit nor deny that the demonstrative chart attached to the Requests as "Exhibit C-2" accurately depicts the number of Dr. Joshi's actual non-clinical days as that information is not in the possession, custody or control of Plaintiff, nor can Plaintiff admit or deny the accuracy of the source of information actually used to create the demonstrative chart attached to the Requests as "Exhibit C-2", but admits that schedules compiled and attached to the Requests as "Exhibit A" are the schedules of assignments made by the Chair of the Department of Anesthesiology for the period January 2014 through March 2017.

(c) Admit that the demonstrative chart, attached to these requests as Exhibit C-3, accurately depicts the number of Dr. Joshi's non-clinical days from August 2014 to March 2017, based on the neuroanesthesiology schedules approved by the Department of Anesthesiology, excluding the months of November 2014, November 2015, and November 2016.

**R 6(c).** In addition to the General Objections, Plaintiff can neither admit nor deny that the demonstrative chart attached to the Requests as "Exhibit C-3" accurately depicts the number of Dr. Joshi's actual non-clinical days as that information is not in the possession, custody or control of Plaintiff, nor can Plaintiff admit or deny the accuracy of the source of information actually used to create the demonstrative chart attached to the Requests as "Exhibit C-3", but admits that schedules compiled and attached to the Requests as "Exhibit A" are the schedules of assignments made by the Chair of the Department of Anesthesiology for the period January 2014 through March 2017, and avers that Plaintiff was on vacation during the months of November 2014, November 2015 and November 2016.

(d) Admit that the demonstrative chart, attached to these requests as Exhibit C-4, accurately depicts the number of Dr. Joshi's non-clinical days from August 2014 to March 2017,

based on the neuroanesthesiology schedules approved by the Department of Anesthesiology, excluding the months of November 2014, November 2015, and November 2016, and accurately depicts the date that Dr. Joshi made his written Allegation as April 2015.

**R 6(d).** In addition to the General Objections, Plaintiff denies that he made a written allegation of research misconduct only as of April 2015, and that it was known that Plaintiff complained of research misconduct pursuant to existing regulations and University policy as early as December 2014. Further, Plaintiff can neither admit nor deny that the demonstrative chart attached to the Requests as "Exhibit C-4" accurately depicts the number of Dr. Joshi's actual non-clinical days as that information is not in the possession, custody or control of Plaintiff, nor can Plaintiff admit or deny the accuracy of the source of information actually used to create the demonstrative chart attached to the Requests as "Exhibit C-4", but admits that schedules compiled and attached to the Requests as "Exhibit A" are the schedules of assignments made by the Chair of the Department of Anesthesiology for the period January 2014 through March 2017, and avers that Plaintiff was on vacation during the months of November 2014, November 2015 and November 2016.

7.     Admit that, during the period from August 2014 through March 2017, Dr. Joshi was never assigned less non-clinical time than the 30% dedicated research time required by the terms of NIH Grant R01 CA138643.

**R 7.**     In addition to the General Objections, Plaintiff can neither admit nor deny the statements contained in Request No. 7 insofar as the statement fails to account for the fact that the daily schedules do not include calls, which are clinical assignments, and the Department of Anesthesiology had a policy in violation of federal guidelines which excluded calls from clinical effort notwithstanding the fact that calls are a mandatory responsibility of faculty to cover, whether directly or indirectly, and the schedules created by the Chair of the Department do not reflect on-call assignments preventing an accurate accounting of the actual percentage of non-clinical time.

8.      Admit that the letter agreement attached to these Requests as Exhibit D represents the only written agreement that Dr. Joshi entered into at or about the time he joined the faculty of Columbia University in 1997.

**R 8.**     In addition to the General Objections, Plaintiff denies except admits that the document attached to the Requests as "Exhibit D" is a document signed by Plaintiff.

9.      Admit that, at or about the time that Dr. Joshi joined the faculty of Columbia University in 1997, he did not review any particular written policies of the University, and he did not rely upon any particular written policy in making his decision to accept employment with Columbia University.

**R 9.**     In addition to the General Objections, Plaintiff denies.

10.      Admit that the written allegation of research misconduct made by Dr. Joshi, in his letter to Naomi Schrag dated April 3, 2015, represents the only Allegation that Dr. Joshi filed with the Standing Committee on the Conduct of Research during the period 2014 to present.

**R 10.**     In addition to the General Objections, Plaintiff denies. Plaintiff made known his allegation of research misconduct pursuant to existing regulations and University policies beginning December 2014.

11.      Admit that Dr. Joshi was asked to reinstate his hospital privileges with the New York State Psychiatric Institute for purposes of performing anesthesia in connection with Electroconvulsive Therapy in March 2015, prior to his filing an Allegation of research misconduct on April 3, 2015.

**R 11.**     In addition to the General Objections, Plaintiff admits that he was forced to reinstate his hospital privileges with the New York State Psychiatric Institute in March 2015, but denies the remaining statements contained in Request No. 11.  Plaintiff made known his allegation of research misconduct pursuant to existing regulations and University policies beginning December 2014.

12.      Admit that Dr. Joshi was promoted from Assistant Professor of Anesthesiology to Associate Professor of Anesthesiology effective July 1, 2018.

**R 12.**     Admits.

13.     Admit that Dr. Joshi has not received any external funding for his research from any source since March 31, 2017.

**R 13.**   In addition to the General Objections, Plaintiff denies the statements contained in

Request No. 13 to the extent that Plaintiff had funding for his research from NIH Grant R01

CA138643 on March 31, 2017, and otherwise admits.

14.     Admit that the following chart accurately depicts all grant proposals submitted by Dr. Joshi to the National Institutes of Health ("NIH") since 2014, and the current status of those grant proposals: [*chart omitted*].

**R 14.**   In addition to the General Objections, Plaintiff admits that the chart reproduced in

Request No. 14 accurately lists all grant proposals submitted by Dr. Joshi to the NIH and the

current status of those grant proposals.

15.     Admit that, prior to making an Allegation of research misconduct on April 3, 2015, Dr. Joshi had previously complained within the Department of Anesthesiology, on one or more occasions over the years, about the allocation of non-clinical time to which he was assigned, about not receiving enough dedicated research time, about how ECT assignments detracted from his research time, about not being promoted, and about not receiving a joint appointment.

**R 15.**   In addition to the General Objections, Plaintiff denies insofar as his allegation of

research misconduct was first made in December 2014 in accordance with existing regulations and

University policy, and Plaintiff further objects to the use of the phrase "on one or more occasions

over the years" as the temporal parameters are undefined, vague, and imprecise, and that Plaintiff

did not make complaints during the period beginning 2011 through 2014, with the exception of his

complaint of research misconduct in December 2014, and that Plaintiff's complaints prior to 2011

concerned matters of accounting and reporting accurately non-clinical effort within the

Department. Plaintiff further objects to Request No. 15 as vague, imprecise and argumentative.

16.     Admit that Dr. Joshi personally suffered no monetary damages as a consequence of the pace at which his Allegation of research misconduct filed April 3, 2015 was investigated by the Office of Research Compliance and Training.

**R 16.**   Denies.

Dated: New York, New York
        December 27, 2019

McLAUGHLIN & STERN, LLP

By:     /s/ Jonathan R. Jeremias
        Jonathan R. Jeremias
        Steven J. Hyman
        260 Madison Avenue
        New York, New York 10016
        (212) 448-1100
        jjeremias@mclaughlinstern.com
        shyman@mclaughlinstern.com

        *Attorneys for Plaintiff*

To:   BUCKLEY LLP
      Andrew W. Shilling, Esq.
      Brian J. Wegrzyn, Esq.
      Dana Kumar, Esq.
      1133 Avenue of the Americas, Suite 3100
      New York, New York 10036
      (212) 600-2400
      ashilling@buckleyfirm.com
      bwegrzyn@buckleyfirm.com
      dkumar@buckleyfirm.com
      *Attorneys for Defendants*